**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KAREN HAMILTON** | ) | |
|    8014 Dove Trail Drive | ) | |
|    San Antonio, TX  78244 | ) | |
|                                *Plaintiff* | ) | |
|  | ) | |
| -v- | ) | Case No. |
|  | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **DEPARTMENT OF THE ARMY** | ) | |
|    1500 Army Pentagon | ) | |
|    Washington, DC 20310-1500 | ) | |
|  | ) | |
|    Serve: | ) | |
|       Attorney General Alberto Gonzales | ) | |
|       950 Pennsylvania Avenue, NW | ) | |
|       Washington, DC 20530 | ) | |
|  | ) | |
|    and | ) | |
|  | ) | |
|       Kenneth L. Wainstein, U.S. Attorney | ) | |
|       555 4th Street, N.W. | ) | |
|       Washington, DC 20001 | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| **WALTER REED ARMY MEDICAL CENTER** | ) | |
|    6900 Georgia Avenue, NW | ) | |
|    Washington, DC 20307 | ) | |
|  | ) | |
|    Serve: | ) | |
|       Attorney General Alberto Gonzales | ) | |
|       950 Pennsylvania Avenue, NW | ) | |
|       Washington, DC 20530 | ) | |
|  | ) | |
|    and | ) | |
|  | ) | |

1

| | |
|---|---|
| **Kenneth L. Wainstein, U.S. Attorney** | ) |
| **555 4th Street, N.W.** | ) |
| **Washington, DC 20001** | ) |
| | ) |
| **and** | ) |
| | ) |
| **PATRICK MELDER, MAJ, MC** | ) |
| **6900 Georgia Avenue, NW** | ) |
| **Washington, DC 20307** | ) |
| *Defendants* | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Karen Hamilton, through counsel, complaining of the United States of America, the Department of the Army (" Army"), the Walter Reed Army Medical Center (" Walter Reed"), and Patrick Melder, Maj., M.C. (" Dr. Melder"), Defendants, and for cause of action would respectfully show the following:

1. This is a claim under the Federal Tort Claims Act, 28 U.S.C. 1346 and 28 U.S.C. 2671 through 2680.

2. Plaintiff has satisfied all notice and requirements under the Federal Tort Claims Act.

3. Plaintiff has exhausted her administrative remedies under the Federal Tort Claims Act following proper notice by submitting her claim in a timely manner. Her claim was denied in writing on April 4, 2005 and Plaintiff has filed this claim within 180 days of her claim being denied.

2

4. Plaintiff currently resides in the State of Texas. At all times relevant to these proceedings, Plaintiff was a resident of the State of Maryland.

5. The Walter Reed Army Medical Center is a facility operated by the United States Department of the Army.

6. Walter Reed Army Medical Center is a United States government facility located at 6900 Georgia Avenue, N.W., Washington, D.C. 20307. Walter Reed holds itself out to military personnel and their dependents to use that degree of care, skill, diligence, and attention used by hospitals generally in the community in the care and treatment of patients. The hospital operated by defendant employs, among others, doctors, nurses, interns, residents, student nurses, nurses' aides and other hospital personnel over whom it exercises exclusive control and supervision, with the right to employ and discharge such employees.

7. Dr. Patrick Melder is a major with the United States Army and is and was a health care provider, practicing medicine at the above-mentioned hospital and is and was an employee of defendant and acting within the scope of his office and employment.

8. At all times relevant to this action, Dr. Patrick Melder was employed by Walter Reed Army Medical Center and was, in fact, an agent and employee of Walter Reed Army Medical Center and the United States Department of the Army at the times relevant to this case.

9. Plaintiff says that she was the Defendants' patient during the times relevant to this case and that the Defendants owed to her a duty to exercise ordinary care and treatment during the surgery they provided while Plaintiff was under their care.

10. In preparation for surgery, Plaintiff and Dr. Melder, a physician employed by Defendant Walter Reed, had an extensive pre-operative conversation. During the course of the conversation, Plaintiff specifically instructed Dr. Melder and Walter Reed that she would not agree to the use of the Da Vinci robot or any robotic instrument during her surgery. During that conversation, Plaintiff emphatically stated that the use of such instrumentation during her surgery was strictly prohibited.

11. The Defendants were advised prior to surgery by the Plaintiff that she was aware of robotic instruments that had been used on an experimental basis during surgery similar to that planned for the Plaintiff and that neither Dr. Melder nor any physician employed by Defendant Walter Reed were authorized to use any robotic instrument during the course of surgery. Therefore, the Defendants knew that the use of such instrument, including the Da Vinci robot, would be contrary to the Plaintiff's wishes and without her consent.

12. On or about October 1, 2002, Plaintiff was taken to an operating suite at the Walter Reed Army Medical Center and prepared for surgery by Dr. Patrick

Melder and others. These other individuals were likewise hospital staff members and employees of Defendant Army and/or Defendant Walter Reed.

13. During the course of surgery on October 1, 2002, the Defendants, contrary to the specific pre-operative instructions of the Plaintiff, and without her consent, attempted a surgical repair using the Da Vinci robot probe. During the course of the surgery, the Defendants were negligent or the Da Vinci device malfunctioned and Plaintiff suffered proximate damage by the severance of her left laryngeal nerve.

14. The Defendants; being aware that Plaintiff was not consenting to the use of any robotic device, including, but not limited to, the Da Vinci robot; knew that their actions during the course of surgery with the Da Vinci robot were without the consent of Plaintiff, contrary to her wishes, and constituted a breach of the duty that they owed to Plaintiff.

15. The use of the Da Vinci robot, a robotic device, contrary to the specific instructions of Plaintiff, constituted a breach of the duty owed to Plaintiff to secure her fully informed consent prior to commencing any operative procedure involving the use of the Da Vinci robot.

16. The Defendants knew, or should have known, that using the Da Vinci robot as it was used during Plaintiff's surgery was experimental and exposed Plaintiff to unnecessary risk of injury, including the severance of her left laryngeal nerve.

5

17. Plaintiff was unconscious during her surgery and thus was not contributorily negligent. Plaintiff relied on the expertise of the Defendants to adequately inform her of the nature of her condition and to perform her surgery without the Da Vinci robot.

18. As a result of the Defendants' breach of duty owed to Plaintiff, Plaintiff has suffered serious and permanent injuries. Such injuries have caused physical pain to Plaintiff and, in all reasonable probability, will cause severe pain to Plaintiff for the balance of her life.

19. Plaintiff's injuries have caused and, in all reasonable probability will continue to cause mental anguish for the balance of Plaintiff's life.

20. Plaintiff has experienced a loss of earnings and earning capacity, which is also permanent in all probability.

21. Plaintiff has incurred substantial medical, hospital, therapy, and rehabilitation expenses that will, in all reasonable probability, continue for the balance of her life.

22. Plaintiff submitted a claim to the Department of the Army on or about September 22, 2004. On April 4, 2005, the U.S. Army Claims Service, Office of the Judge Advocate General, a division of the Department of the Army, rejected the claim that Plaintiff filed administratively.

WHEREFORE, the Plaintiff, KAREN HAMILTON, prays that upon final hearing she have judgment against the Defendants for the sum of Two Million Four Hundred Eighty-Seven Thousand One Hundred Ninety-Two Dollars ($2,487,192.00) for costs; interest, both prejudgment and post-judgment, as provided by law; and for such other and further relief, both at law and in equity, to which he may be entitled.

                          HUGHES & BENTZEN, PLLC


By:_____
    Philip J. McNutt, Fed. Bar. No Md08555
    1100 Connecticut Ave., NW, Ste. 340
    Washington, DC 20036
    (202) 293-8975